IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re:<br><br>Brian Ross Roan,<br><br>              Debtor.<br><br>Brian Ross Roan,<br><br>              Plaintiff,<br><br>       v.<br><br>Texas Higher Education Coordinating Board and United States Department of Education,<br><br>              Defendants. | Chapter 7<br><br>Case No. 20-20-35617<br><br><br><br><br><br>Adv. Pro. No. 4:22-ap-03318 |

**TEXAS HIGHER EDUCATION COORDINATING BOARD'S ANSWER TO PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF AN ALLEGED STUDENT LOAN DEBT PURSUANT TO 11 U.S.C. SECTION 523(a)(8)**

The Texas Higher Education Coordinating Board ("Coordinating Board"), by and through the Texas Attorney General's Office, respectfully submits its Answer to the Plaintiff's *Complaint to Determine Dischargeability of an Alleged Student Loan Debt Pursuant to 11 U.S.C. Section 523(a)(8)*[1]. Any allegation that the Coordinating Board does not specifically admit, it denies:

(*Remainder of Page Intentionally Left Blank*)

---

[1] Hereinafter "Complaint."

THE TEXAS HIGHER EDUCATION COORDINATING BOARD'S
ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

1

## I.  ANSWER

### RESPONSE TO PLAINTIFF'S INTRODUCTION

Neither Admitted or Denied. As the Plaintiff makes general statements regarding his case and general statements of law, the Coordinating Board does not have enough information to Admit or Deny, and, therefore, denies all statements made in the Plaintiff's Introductory paragraph.

### RESPONSE TO PLAINTIFF'S JURISDICTION AND VENUE

1. **Plaintiff's Paragraph 1**: Admitted in part Denied in part. The Coordinating Board *admits* that this Court has jurisdiction over this action under 28 U.S.C. sections 1331, 1334, and 2201-02; as well as Federal Rule of Bankruptcy Procedure 4007 and 11 U.S.C. section 523. The Coordinating Board *admits* this is a core proceeding under 28 U.S.C. section 157(b)(2)(A) and (O) and that this Court may enter a final order in this adversary. The Coordinating Board *admits* that venue is proper under 28 U.S.C. section 1391(b) as this adversary arises in and relates to the main bankruptcy case.

The Coordinating Board *denies* that the following statutes apply in this adversary: 28 U.S.C. section 137(a); 28 U.S.C. sections 157(b)(2)(E), (G), and (J); and 28 U.S.C. sections 1408-09.

### RESPONSE TO PLAINTIFF'S PARTIES

2. **Plaintiff's Paragraph 2**: Denied. The Coordinating Board does not have enough information to admit or deny, and, therefore, denies.

3. **Plaintiff's Paragraph 3**: Admitted in part and Denied in part. The Coordinating Board *admits* it is a named defendant in this action and was served at the address listed. The Coordinating Board does not have enough information to admit or deny the remaining portions of

this paragraph, and, therefore, ***denies***.

## RESPONSE TO PLAINTIFF'S FACTUAL ALLEGATIONS

4.      **Plaintiff's Paragraphs 4-10**: Denied.  The Coordinating Board lacks sufficient information to admit or deny, and therefore, denies these paragraphs.

5.      **Plaintiff's Paragraph 11**: Admitted in part and Denied in part. The Coordinating Board ***admits*** that Plaintiff's loans were made through the Hinson-Hazelwood College Student Loan Program, and, as such, were made by a governmental unit. The Plaintiff's loans are administered by the Coordinating Board. The Coordinating Board ***denies*** that the Plaintiff's loans were guaranteed or insured by the Coordinating Board. The Coordinating Board lacks sufficient information to admit or deny the remainder of this paragraph, and therefore, ***denies***.

6.      **Plaintiff's Paragraphs 12 - 19**: Denied.  The Coordinating Board lacks sufficient information to admit or deny, and therefore, denies all allegations in Plaintiff's Paragraphs 12 through 19.

## RESPONSE TO PLAINTIFF'S CAUSES OF ACTION

## RESPONSE TO PLAINTIFF'S CLAIM NOT EXCEPTED FROM DISCHARGE UNDER 11 U.S.C. § 523(a)(8)

7.      **Plaintiff's Paragraph 20**: Paragraph 20 is a statement of incorporation only, and, as such does not require a response.

8.      **Plaintiff's Paragraphs 21 - 24**: Plaintiff's paragraphs 21 through 24 are the Plaintiff's statement of his understanding of the law, and no response is necessary; however, out of an abundance of caution, the Coordinating Board denies these paragraphs.

9.      **Plaintiff's Paragraphs 25 - 26**: Denied.

### RESPONSE TO PLAINTIFF'S UNDUE HARDSHIP UNDER 11 U.S.C. § 523(a)(8)

10. **Plaintiff's Paragraph 27**: Paragraph 27 is a statement of incorporation only, and, as such does not require a response.

11. **Plaintiff's Paragraph 28**: Denied.

12. **Plaintiff's Paragraph 29**: Paragraph 29 is the Plaintiff's statement of his understanding of the law, and no response is necessary; however, out of an abundance of caution, the Coordinating Board denies this paragraph.

### Minimal Standard of Living

13. **Plaintiff's Paragraphs 30 - 33**: Denied.

### Additional Circumstances Indicating Conditions Will Persist

14. **Plaintiff's Paragraphs 34 - 36**: Denied.

### Good Faith Effort to Repay

15. **Plaintiff's Paragraph 37**: Paragraph 37 is the Plaintiff's statement of his understanding of the law, and no response is necessary; however, out of an abundance of caution, the Coordinating Board denies this paragraph.

16. **Plaintiff's Paragraph 38**: Denied.

### RESPONSE TO PLAINTIFF'S CONCLUSION

17. **Plaintiff's Paragraph 39**: Denied.

### RESPONSE TO PLAINTIFF'S PRAYER

18. **Plaintiff's Prayer**: Denied.

## II. THE COORDINATING BOARD'S REQUEST FOR ATTORNEYS' FEES AND COSTS

19. The terms of the promissory notes agreed and entered into by the Plaintiff with the Coordinating Board provide that the Plaintiff will pay collection charges including, but not limited to, "fees, court costs, attorney's fees, and other charges" incurred by the Coordinating Board in collection of past due loan amounts.[2]

20. According to the Coordinating Board's records, the Plaintiff's loans are past due,[3] and the defense of this adversary seeking discharge is an act by the Coordinating Board to collect on these loans.

21. As such, the Coordinating Board seeks reasonable costs and attorneys' fees in prosecuting this matter, as provided for in section G of the Plaintiff's promissory notes.

## III. PRAYER

**WHEREFORE** premise considered, the Coordinating Board prays that all relief sought by the Plaintiff be denied, that the Coordinating Board be granted reasonable costs and attorneys' fees as provided for in the promissory notes, and for any further relief to which the Court finds the Coordinating Board entitled.

(*Remainder of Page Intentionally Left Blank*)

---

[2] Exhibit A-Promissory Notes Section G at bates pages 2, 5, & 8.
[3] Exhibit B-Payment History.

Dated: January 11, 2023,          Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

RACHEL R. OBALDO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

<u>*/s/ Abigail R. Ryan*</u>
ABIGAIL R. RYAN
Texas State Bar No. 24035956
Southern District Bar No. 614700
ROMA DESAI
Texas State Bar No. 24095553
Southern District Bar No. ME005162
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
Abigail.ryan@oag.texas.gov
Roma.desai@oag.texas.gov

ATTORNEYS FOR THE TEXAS HIGHER EDUCATION COORDINATING BOARD

## CERTIFICATE OF SERVICE

      I hereby certify that on the 11th day of January 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which automatically provided notice to all counsel of record, and that on January 12, 2023, copies were also sent via First Class U.S. Mail to the parties listed below.

| | |
|---|---|
| Kenneth L. Neeley, 025899<br>Geoffrey M Khotim, 019513<br>Karen G Bentley, 034148<br>Nicholas T Van Vleet, 026933<br>**NEELEY LAW**<br>1120 S. Dobson Rd., Ste. 230<br>Chandler, Arizona 85286<br>Tel: 480.802.4647 \| Fax: 480.907.1648<br>ECF@neeleylaw.com<br>*Attorneys for Plaintiff(s)*<br><br>Daniel J Ciment, 24042581<br>Ciment Law Firm, PLLC<br>221 Bella Katy Dr.<br>Katy, TX 77494<br>Tel: 833-663-3289<br>Daniel@cimentlawfirm.com<br>*Co-Counsel for Plaintiff(s)* | The U.S. Department of Education[4]<br>U.S. Secretary of Education, Miguel Cardona<br>400 Cardona<br>Washington DC 20202<br><br>400 Maryland Ave. SW<br>Washington DC 20202<br><br>Attorney General Merrick B. Garland<br>U.S. Department of Justice<br>950 Pennsylvania Ave NW<br>Washington DC<br><br>Acting U.S. Attorney Chad Meacham<br>1100 Commerce Street, Suite 300<br>Dallas, TX 775242<br><br>Assistant U.S. Attorney – Fort Worth Division<br>801 Cherry Street, Unit 4<br>Burnett Plaza, Suite 1700<br>Fort Worth, Texas 76102 |

                */s/ Abigail R. Ryan*
                ABIGAIL R. RYAN
                Assistant Attorney General

---

[4] Addresses used for the U.S. Department of Education came from the Plaintiff's Complaint.